IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANESA GOULDBURN,<br>*Plaintiff.* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | |
| AIG GLOBAL SERVICES, INC.;<br>AIG, LLC.; AIG C/O AMERICAN<br>INTERNATIONAL COMPANIES<br>D/B/A VARIABLE ANNUITY LIFE<br>INSURANCE COMPANY; VALIC<br>FINANCIAL ADVISORS, INC; VALIC<br>RETIREMENT SERVICES COMPANY;<br>and AMERICAN INTERNATIONAL<br>PROPERTY GROUP, INC.<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. _____<br>(Jury Demanded) |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, Vanesa Gouldburn ("Plaintiff"), and files this Original Complaint against AIG Global Services, Inc., AIG, LLC., AIG c/o American International Companies d/b/a Variable Annuity Life Insurance Companies, VALIC Financial Advisors, Inc., VALIC Retirement Services Company, and American International Property Group, Inc., (collectively "Defendants") and in support thereof would show the Court and Jury as follows:

## A. INTRODUCTION

1. Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

2. Plaintiff alleges she was terminated from her position of employment with Defendant, sexually harassed and retaliated against by Defendants' agents or employees in violation of Title VII of the Civil Rights Act of 1964, as amended. This action seeks equitable relief, compensatory damages, liquidated damages, mental anguish damages, attorneys' fees, expert witness fees, taxable court costs, and pre-judgment and post-judgment interest.

## B. PARTIES

3. Plaintiff, Vanesa Gouldburn (herein "VANESA" or "Plaintiff") is an individual residing in Houston, Texas.

4. Defendant, AIG Global Services, Inc. is a foreign for-profit corporation that may be served with process through its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant, AIG, LLC is a domestic limited liability company that may be served with process through its registered agent, Greg Anderson, 14400 Northbrook Dr. #240, San Antonio, Texas 78232.

6. Defendant, AIG c/o American International Companies d/b/a Variable Annuity Life Insurance Companies is a for-profit corporation that may be served with process at 2929 Allen Parkway, Houston, Texas 77019.

7. Defendant, VALIC Financial Advisors, Inc. is a domestic for-profit corporation that may be served with process through its registered agent, Corporation Service Company dba CSC- Lawyers Incorporating Service Company, 211 E. 7th St., Suite, 620, Austin, Texas 78701.

8. Defendant, VALIC Retirement Services Company is a domestic for-profit corporation that may be served with process through its registered agent, Corporation Service Company dba CSC- Lawyers Incorporating Service Company, 211 E. 7th St., Suite, 620, Austin, Texas 78701.

9. Defendant, American International Property Group, Inc. is a domestic for-profit corporation that may be served with process through its registered agent, Calvin L. Friddle at 4557 Arlean Drive, Plano, Texas 75093.

## C. JURISDICTION AND VENUE

10. The Court has jurisdiction over the lawsuit because the suit arises under Title VII of the Civil Rights Act of 1964, as amended.

11. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment

Opportunity Commission ("EEOC") on May 30, 2014. *Please see Notice of Right to Sue letter attached as Exhibit 1.*

12. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2), because among other reasons, Defendants are doing business in this district and division; Plaintiff worked for Defendants in this district and division; and a substantial part of the events giving rise to the claim occurred in this district and division.

## D. STATEMENT OF FACTS

13. Plaintiff VANESA was hired by Defendants on June 9, 2009.
14. Plaintiff VANESA is a female.
15. Plaintiff VANESA was continuously sexually harassed by her supervisor, Louis Kelley starting in early July 2013 until Plaintiff was terminated on or about September 30, 3013.
16. Louis Kelley is an employee of Defendants.
17. Plaintiff VANESA was employed by Defendants in a sales role and made commissions on sales she completed.
18. Plaintiff VANESA'S Supervisor Louis Kelley would make inappropriate comments about Plaintiff's appearance, suggested Plaintiff and Kelley should get a hotel room with hotel reward points and that he could "help"

her earn more commissions by sending Plaintiff sales leads in exchange for attention from Plaintiff VANESA.

19. Plaintiff's supervisor, Louis Kelley would send Plaintiff VANESA sales leads after she would spend time with him outside of work.

20. Louis Kelley stated he wanted to take care of Plaintiff VANESA and that he wanted to see her succeed financially.

21. Plaintiff VANESA originally complained of the sexual harassment to Defendants' Human Resources ("HR") office on August 8, 2013 and again on August 12, 2013.

22. Plaintiff VANESA was placed on paid leave after making her complaint while HR investigated the complaint.

23. The HR investigation lasted approximately one month, with Plaintiff VANESA on leave the entire time.

24. While on leave, Plaintiff VANESA was unable to make sales and therefore did not earn any commissions.

25. Despite numerous phone calls and emails inquiring about the status of the investigation to HR, Defendants did not update Plaintiff VANESA about the outcome of the investigation until September 17, 2013.

26. While Plaintiff VANESA was on leave, one of Defendants' agents or employees tampered with Plaintiff's documents, causing Plaintiff to lose a sale she made before being placed on leave.

27. Plaintiff VANESA brought the issue of altered documents and lost sale up to HR during a September 17, 2013 meeting regarding the outcome of the investigation.

28. On September 23, 2013, HR told Plaintiff VANESA that investigation was concluded and no wrongdoing was found on behalf of Supervisor Louis Kelley and Plaintiff VANESA did not lose any sales because of altered documents.

29. On September 23, 2013, Plaintiff VANESA was given the option by HR to come back to work with Louis Kelley, be reassigned to another department, or quit if she was not happy with the outcome of the investigation.

30. Plaintiff VANESA asked for another option than those presented by HR. Plaintiff VANESA did not return to work.

31. On September 30, 2013, Plaintiff VANESA was terminated from her employment with Defendants. Plaintiff VANESA was not contacted about the termination, but instead found out when her health insurance was cancelled.

32. Louis Kelley, Plaintiff VANESA'S supervisor has continued to contact Plaintiff and harass her after she was terminated from employment with Defendants.

33. On September 23, 2013, Plaintiff VANESA signed the Charge of Discrimination and retaliation against Defendants which was assigned EEOC No. 846-2013-51601.

34. On May 30, 2011, the EEOC issued a Dismissal and Notice of Rights to Plaintiff VANESA.

35. In the Charge of Discrimination Plaintiff VANESA alleged discrimination in the terms and conditions of her employment due to sex (female) and in retaliation for complaining about sexual harassment to her employer.

### E. CAUSES OF ACTION

36. Plaintiff asserts the following causes of action:

### FIRST CAUSE OF ACTION
### VIOLATION OF FEDERAL DISCRIMINATION LAWS

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

38. The actions of Defendants' agents and employees were in violation of Federal law under Title VII of the Civil Rights Act of 1964, as amended, in that Plaintiff VANESA was terminated and suffered discrimination in

terms, conditions, and privileges of her employment due to her gender (Female), and retaliation. Plaintiff VANESA was sexually harassed by her supervisor and when she complained of the harassment, Defendants' agents or employees retaliated against her by causing Plaintiff to lose commissions, and ultimately fired Plaintiff VANESA.

39. Plaintiff seeks an award of all damages to which she is entitled including loss of income in an amount to be proven at trial for the discrimination as aforesaid.

## HOSTILE WORK ENVIRONMENT

40. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

41. Plaintiff alleges that the acts alleged herein created a hostile work environment based upon discrimination and retaliation for which she is entitled to an award of all damages to which she is entitled in an amount to be proven at trial. Plaintiff VANESA endured sexual harassment from her supervisor in the form of numerous inappropriate comments about her appearance, suggestions that Plaintiff sleep with her supervisor and that numerous unwelcome advances.

## QUID PRO QUO

42. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

43. The actions of Defendants' agent and employee, who was Plaintiff's supervisor and responsible for her hiring, firing and terms and conditions of employment, constituted sexual harassment in the form of unwelcome sexual advances and requests for favors and affected tangible aspects of Plaintiff's compensation or other terms, conditions, or privileges of employment. Plaintiff VANESA endured unwelcome sexual harassment from her supervisor and in exchange he would send her sales leads to increase her earning potential through commissions.

## SECOND CAUSE OF ACTION
## RETALIATION

44. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

45. The actions of Defendants' agent and employees in termination Plaintiff, causing her to lose commission on a sale, or otherwise discriminating against her because she opposed the discrimination alleged herein in violation of Title VII of the Civil Rights Act of 1964, as amended, and for reporting the discrimination and unwelcomed sexual harassment by her supervisor, Defendants, their agent and employees, and is entitled to an award of damages to be proven at trial. After Plaintiff complained of

discrimination, Defendants' agents or employees altered documents to disallow Plaintiff her sales commission. When Plaintiff brought the issue to Defendants' attention, Defendants did nothing.

## F. ATTORNEYS' FEES

46. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the attorneys listed in this pleading. Plaintiff seeks recovery of reasonable and necessary attorneys' fees pursuant to Title VII of the Civil Rights Act of 1964, as amended.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

   a. Judgment against Defendants for actual damages sustained by the Plaintiff as alleged herein;

   b. Grant Plaintiff general damages for Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended;

   c. Compensatory damages;

   d. Pre-judgment interest at the highest legal rate;

   e. Post-judgment interest at the highest legal rate until paid;

f. Damages for mental pain and mental anguish;

g. Liquidated damages;

h. Attorney's fees;

i. All costs of court;

j. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Respectfully Submitted,

BY/s/Sarah C. Dionne
SARAH C. DIONNE
Attorney in Charge
State Bar No. 24072229
Federal ID No. 1477512
GEORGE K. FARAH
State Bar No. 24040882
Federal ID No. 38353
GUERRA & FARAH, PLLC
4101 Washington Ave., Third Floor
Houston, Texas 77007
T: (713) 529-6606
F: (713) 529-6605
E: gkf@gflawoffices.com
E: scd@gflawoffices.com

ATTORNEYS FOR PLAINTIFF,
VANESA GOULDBURN

4833-4293-0205, v. 2